3.13.05.43 People of the State of Illinois, Athlete, by Thomas Arado v. Deontre Johnson Appellant, by Mark Fisher Good morning your honors, may it please the court, counsel, and representing the defendant in this case, Deontre Johnson. Deontre was convicted in a jury trial of first degree murder and aggravated unlawful use of a weapon. Specifically, the jury found on June 18, 2012, the defendant shot and killed Rob Rico King, acting with intent to kill and or knowledge that his actions were likely to cause Mr. King's death. Deontre was sentenced to a term of 80 years imprisonment for first degree murder, the judge specifying that 50 was for the murder and 30 for the mandatory gun enhancement. The three issues are raised on appeal. The first issue, the defendant argues that he was denied a fair trial based on a comment made by the prosecutor to the jury in closing argument. In issues two and three, alternatively, Deontre seeks sentencing relief. In issue two, he maintains that the mandatory 25 years to life gun enhancement was unconstitutional as applied to him, given the fact that he was 17 years old at the time of the shooting, and based on case law pronouncements from the Illinois Supreme Court, the United States Supreme Court, that there are certain mitigating factors that particularly apply to young offenders younger than 18, and that the court must consider those factors, and that some harsh penalties appropriate for adults are not appropriate for offenders younger than 18. The defendant therefore asks this court in issue two to remand for resentencing with directions that the judge exercise discretion whether or not to impose the gun enhancement. In issue three, he also seeks resentencing or, in the alternative, a reduction in sentence based on three errors, a condition of harm, which is inherent in all first degree murders. And finally, the judge imposed sentence after describing the facts of this case, and had the case occurred in the manner the judge described, the defendant would submit that would seem to warrant a very lengthy sentence, but he submits to your honors that that description was actually inconsistent with the evidence presented at trial. Now, in argument today, I'd like to talk about the sentencing issues, issues two and three. Of course, if your honors have questions about the other first issue, I'd be happy to address those as well. The Downs case sort of resolves the first issue, doesn't it? I think it probably does, your honor. One slight distinction there is that the judge there was responding to a question from the jury during deliberations here. The prosecutor made the statement in argument, not in response, but I think your honor is probably correct as to that issue. Now, in recent years, the courts have recognized that there are differences, important differences for purposes of sentencing between offenders younger than 18 and older adult offenders. In Miller v. Alabama, the United States Supreme Court referred to the hallmarks of youth, specifically recklessness, impetuosity, failing to consider the risks and consequences of one's conduct, bowing to peer pressure. In Peeble v. Davis, the Illinois Supreme Court agreed with the statements by the U.S. Supreme Court in Miller v. Alabama that young offenders are constitutionally different than adult offenders for purposes of sentencing and that a sentencer misses too much if he sentences every child or every youthful offender younger than 18 as if he were an adult. Now, the defendant certainly acknowledges that he is asking your honors today to extrapolate from or to expand upon these cases. And when I say these cases, I'm referring to cases such as those from the Illinois Supreme Court in Peeble v. Miller, and I mentioned the Davis case, and the United States Supreme Court in Miller v. Alabama, Roper v. Simmons, Graham v. Florida. The defendant is not relying here on the holdings in those cases, but rather on the statements of the courts in those cases. For example, in Miller v. Alabama, the United States Supreme Court held that a mandatory life sentence is unconstitutional as to an offender younger than 18. And the court didn't even hold that an offender younger than 18 could not receive a life sentence. Really, the problem is that where it becomes mandatory, the court recognizing that some juvenile offenders probably deserve very harsh penalty, even life, but those individuals are probably few and far between unless the judge should have the ability to afford that offender individualized sentencing, as judges do in sentencing most individuals for violating the criminal code. So in this case, we're not dealing with a mandatory life sentence. We are dealing with an 80-year sentence that wasn't mandatory, but certainly that's tantamount to a life term. If DeAndre were to survive this sentence, he would not see the outside of the prison walls until his 97th birthday. On the murder, there's a minimum sentence of 20 years. And then on that, if you had the firearm enhancement, the minimum would be 25, right? Correct. So would a 45-year sentence on a 17-year-old be unconstitutional? Well, the defendant would submit that even though the judge should have the discretion whether or not to impose the gun enhancement, certainly DeAndre would be a lot better off serving a 45 than an 80, but even that, the defendant submits, is a harsh penalty, and the judge should have discretion. You're not asking for any bright minds here. You're just saying that what statute should be considered unconstitutional. As applied to an individual such as DeAndre, younger than 18, he's not asking the owners to vacate the enhancement part of the sentence. Rather, he's asking for a remand to allow the judge to consider his discretion whether or not to impose the enhancement, again, to provide more individualized sentencing to this offender. Well, I guess my question is if a 45-year total sentence wouldn't be constitutionally defective as applied to your client, then doesn't that leave us to talk about the judge's discretion, whether he abuses discretion in going above 45 years? And that's certainly an issue that can be raised in any case regardless of an enhancement. But certainly the defendant acknowledges as well that here the judge, obviously 1 to 80, and so your honors might think, well, the judge wouldn't be inclined to exercise discretion to not impose the gun enhancement. On the other hand, one of the problems I think in this case, and this comes out more in Issue 3, is that there is no indication in the record that the judge here considered that DeAndre was only 17 at the time of the offense or that he considered these so-called hallmarks of youth referenced in Miller v. Alabama. His record shows that even for a 17-year-old, he was a bit of a child prodigy in the crime world. He had some priors. That's true. That's true. And again, as I said, Miller v. Alabama courts recognize that, yes, there are some youthful offenders who are irretrievable and who should basically be locked away, and that's the end of it. On the other hand, the court recognized that a sentencing judge should have discretion to look into and make a determination. Is the offender being sentenced that day one of these individuals who is completely irretrievable, or does he have a greater chance of rehabilitation based on his background, et cetera, et cetera? And the courts even recognized that youthful offenders tend to have a greater chance of rehabilitation, so that should be considered. Now, trial defense counsel here at sentencing briefly referenced the defendant's youth as a mitigating factor, although I think that was kind of a generic reference to youth. I mean, we might use that term as to a 19-year-old, even a 20-year-old. They didn't specifically mention that he was 17 or talk about these pronouncements from cases like Miller v. Alabama or People v. Miller. The judge didn't say anything at all. Now, I certainly acknowledge to this court that a trial judge is presumed to know the law. Of course, that can be controverted by comments to the contrary in the transcript. There's nothing specifically in the transcript that shows that the judge didn't consider that DeAndre was 17 or didn't consider these mitigating factors that have been recognized. At the same time, there is nothing indicating that he did. And again, regardless of the precise holdings in cases like Miller v. Alabama, which don't specifically apply here, I acknowledge the statements in these cases about the mitigating factors applying to young offenders and that they really must be considered by a judge at sentencing, I think lends credence to the position that the judge needs to at least mention at sentencing, I'm considering this an imposing sentence. Now, if we had a very light sentence, maybe you would decide, well, you must have, given the fact that the sentence here is certainly tantamount to a light sentence. The defendant submits that. At the very least, it's ambiguous as to whether he considered these factors, and for that reason alone, the case should be remanded. The defendant submits, based on the transcript here, there's a suggestion that the judge probably didn't even think about the fact that DeAndre was 17 or about these various case law pronouncements. And that's why he asked, Your Honors, for resentencing. And really, two alternative types of resentencing. One is just remand for resentencing with directions that the judge should consider these factors, also that he should not have considered the aggravating factor of causation of harm. Alternatively, a remand with directions that he exercised discretion in deciding whether or not to impose the gun enhancement, albeit for some of the same reasons that I've talked about with respect to Issue 3. Now, the defendant would acknowledge, to Your Honors, that he's not aware of any case law in Illinois finding the enhancement unconstitutional, at least as to a minor or an individual younger than 18 convicted of murder. He also acknowledges that there is no case law that he knows of up to this point in Illinois invalidating a so-called de facto life sentence or sentence tantamount to life based on the young age of the offender. The defendant has cited in the briefs cases from some other jurisdictions invalidating sentences tantamount to life based on Miller v. Alabama. The defendant has also cited a case out of the First District People v. Dupree that was decided in 2014. Now, Dupree actually reversed and remanded for a new trial. The court did not actually grant sentencing relief in that case, and so Your Honors might say that the statements I'm about to talk about were simply dicta, although I think they should be considered persuasive, at least considered by this court. In Dupree, the defendant of 17 was convicted of first-degree murder and attempt first-degree murder. The gun enhancements applied to each of those offenses, and they had to run consecutively. And so he received a sentence of 76 years, which was actually the minimum given all of those parameters. The majority in Dupree stated that the 76-year sentence was tantamount to life. It exceeded the defendant's life expectancy and therefore raised serious constitutional issues, although, again, the court didn't specifically have to confront it because it granted a new trial. Justice Kuczynski wrote a concurring decision saying the scheme, the sentencing scheme that gave rise to the 76-year sentence did not withstand constitutional scrutiny. So, again, the defendant is not so much asking Your Honors to rely on the holdings in all these various cases but rather the statements made in these various cases. And I just go back to what I mentioned before, the statements in Willow v. Alabama that were repeated in People v. Davis, although Davis involved a mandatory life sentence, again, somewhat different from what we have here. Counsel, two minutes. Thank you. But the court, again, is stating the children are constitutionally different from adults for purposes of sentencing, in the sense that this is too much if he treats every youthful offender under 18 as an adult, and I think that's unfortunately what happened here, and that's why, DeAndre, respectfully, I ask Your Honors for relief. Well, just one point. I think with respect to the First District case you just spoke of, again, so that was a 76-year minimum under the statute, and here we have a 45-year minimum. Right. And I would submit we just don't know if the judge had considered DeAndre's youth, the case law statements that young offenders have a greater chance of rehabilitation, that oftentimes their offenses may be committed recklessly or rationally, maybe the judge would have gone less than 80. I mean, again, Your Honors might think, well, we're not to 80, so even if he had more discretion he wouldn't have done anything differently. I think maybe he would have, and he at least should be required under these cases to consider those factors before even reaching his final sentencing determination. Thank you, Your Honors. Thank you, Mr. Fisher. And Mr. Ryan. Thank you, Mr. Court. Good morning, Your Honors. Just a matter of, one other matter. I had cited the People v. Pacheco in our brief, and it had been taken as a PLA in September of 2013. As I was preparing for argument I realized nothing at all had happened with it. I called down to the Supreme Court yesterday. On January 27th the Supreme Court on its own motion issued a supervisory order finding it was providently granted to the PLA and vacated this order and denied the PLA. So it is no longer outstanding. I guess to touch briefly, I realize that defense has some time to respond to the Downs argument. Well, actually, motion to add authority was granted and they still have time to respond, but you had asked a question about it, Justice Carter. I just wanted to say that I don't think it really matters in what context the statement that the jury has decided the reasonable doubt. Downs said that is unquestionably correct. I don't think it matters who says it then. Turning to the sentencing arguments, there's no cases, as counsel points out, in Illinois that say that you can just not impose an adult sentence on a juvenile convicted of an adult crime unless it is in the context of mandatory life sentence, parole, or mandatory death sentence, which obviously we don't have here. There is, of course, discretion to impose life sentences and impose other sentences. So the question here is whether this court is going to decide that you can never have a mandatory minimum sentence on a minor. That's really what counsel is asking for, that you must always consider the defendant's minority in determining whether or not a minimum sentence can be imposed. And I don't think that's the law. No case in Illinois has ever held that, and that would be an improper exercise of this court's authority, quite frankly. Also, as Justice Schmitt pointed out, this was a minimum 45-year sentence. There was no de facto life sentence, or no life sentence minimum in this case. So Miller, either Miller, Miller v. Alabama, People v. Miller, Roper, all those cases, even Graham don't apply in this case. Also, the judge did exercise discretion in this case. He exercised discretion in giving a 50-year sentence for the murder and a 30-year sentence for the enhancement. Therefore, it was entirely discretionary on the part of the judge in what he imposed in this particular case. So, again, those cases that are cited don't apply because discretion was, in fact, exercised in this case. How many people lived in 95? Not as many as we'd like. I guess... Which doesn't seem that old to me now, but it's... Well... Are we counting the 85%? First of all... Does that affect 88? Well, first of all, there is no day-for-day good credit. I don't think there's any credit for... He's got to serve out the sentence. Because of the nature of the charges? Correct. The... So... But regardless, you know, it was a discretionary sentence. It was not a... So to speak. Even if we would agree that that was the case, it is not... He would have gotten out at 62 if the 45-year sentence had been imposed. That's not a life sentence. You know, really, I mean, as an aside, I asked one question. But the real question I have is, given the U.S. Supreme Court's recent cases dealing with people under the age of 18, does that require a judge to have something in the record, some reference that consideration was made regarding the factors the United States Supreme Court has now said should be considered when you have a defendant under the age of 18? Because in this case, you know, we have these assumptions that the trial judge followed the law, but there's not a hint of any mention of any of this stuff in the judge's decision, correct? Not expressly. I mean, he does mention the delinquencies, and he agrees with the court. The record. Correct. The rap sheet. But not the consideration of his age and all those things explicitly. Not the mitigating aspects of the... What he referenced was really the aggravating aspects of his prior behavior. True. Because he did have a record of prior behavior. But the U.S. Supreme Court talks about these mitigating factors, and the fact that there's an absence of any discussion given the U.S. Supreme Court's cases, does that matter with regard to review? I don't believe it should matter, because we have these presumptions about what the judge is considering and whether he's considered the background of the defendant. And he did say he's considered the background. Now, you can read into that that, oh, he's only considered the bad things that happened. I mean, the only thing mentioned are the bad things. Well, it's explicitly mentioned. Correct. The problem would be now every case that comes up that the court has, you have to consider these, you would require that the judge now explicitly say every mitigating and every aggravating factor that the judge considers. There's no requirement. Like every one, but I'm just wondering, are there new rules because of the U.S. Supreme Court's comments on the very inherent differences in the nature of a person under 18 versus an adult? And when there's no discussion of that in the sentencing, does that make it defective? Again, I think that you would have to consider ordering a judge in every instance to explicitly state then why he is imposing the sentence. And there's no requirement in the law. He just has to say that he or she has considered factors of aggravation and mitigation, which is the judge here did say. And so if you're going to change that up, if you're going to now say, okay, courts, you have to explicitly say that, you're going to have to say that in every aggravating mitigating factor. And I don't think the Supreme Court is – Does the U.S. Supreme Court require that? I don't believe so. There's nothing, certainly expressly, that requires that. And the case law in Illinois, the Supreme Court is still good law, as far as I'm aware, that you don't have to express sentencing factors, just say that aggravating mitigating factors, what you've reviewed, not specifically why you're doing something, unless it's – well, I realize that that's not anymore. Anyway, so I don't think it's required. The only question might be in the context of what is a counsel's duty to present to a court for its consideration. But as far as a trial judge is concerned, Illinois Supreme Court cases are still good as far as what you have to consider. Because when you look at this record, what was said and what was expressed, this guy could have been 45 years old. I mean, because there's no hint from the expressions of the – the expressed statements from the court that you're dealing with a 17-year-old. Well, again, it's not expressed in the context of – I acknowledge that youths under 18 have some problems and don't have – aren't as mature and all those things that the courts talk about in Miller and Graham and Roper. But there is an awareness of how old this guy is and how bad he is. I mean, this isn't just some guy who makes a mistake or goes along with the crowd. He has got aggravated robbery. He's got another aggravated robbery. He's got fleeing and looting police. He's got constant discipline in high school, getting suspended. This isn't – this goes beyond anything that an ordinary youth who has these – these lack of maturity, I would suggest that this is a bad seed and that this has really gotten to the point where even if the judge had expressed those things, he would have given the same sentence. But there's no requirement that he express that. Yeah, and I'm – it's obvious why I'm asking the questions. I mean, you know, the Supreme Court doesn't appear to have exceptions for Cain. I mean – For – I'm sorry? For Cain, you know, the brothers in the Bible. Oh, sorry. You know, the bad seed, as you call it. Well, no, but it's discretionary based upon behavior and the background of the individual. And what I'm saying is that this judge exercised discretion based upon the background and behavior of the individual. This wasn't – there might be a case which the imposition of an 80-year sentence on somebody who committed a murder would be unconstitutional if they're 17 years old. I'm not setting forth what those conditions are, but I'm saying it's theoretically possible. This is not that case. So even if you were to consider all the statements about Graham and all those Supreme Court cases about those youth, I think you'd still come to the fact that this was a discretionary decision based upon the background and the seriousness of the offense. Yeah, and I think arguably that you're very correct. If this judge had ever gone through any of the elements that the U.S. Supreme Court case, you know, talked about and then said, but they're countered by this whole record and viciousness and background and so forth, this would be a very different case. Well, again, there's no requirement, though, that the judge do that. And so based upon the law as it stands right now, I think that I'm not saying you would overrule it, but I think it would almost require an overruling of the Supreme Court in saying that you don't have to explicitly state every reason why you're doing the sentence. I don't think this court can do that. Now, obviously this preserves the issues for higher courts to consider that question, but at this point I don't think we're at that point. Just touching briefly on Judge Lyon's comments, I believe he recognized in his statements that it was inherent in the offense because he was going down the list of things that he was doing and then recognized, oh, well, this was, I see that this was, I forget exactly what he said. Basically he comes across and says, well, it is what it is, realizing that it was, couldn't really consider that. As far as the other alleged misdescribing of the evidence, it was really a bad analogy on his part about developing character in the dark versus photography and how the defendant's character was somehow developed in the dark. It was not well put, I would say. It's inexplicable. Yes, I guess. Counsel, that's two minutes. If there are no other questions, I think I've addressed the points. Mr. Pope, I was looking for you to give me some understanding of what that meant. Oh, well, yeah, it's kind of like when you're getting an oral argument and you're giving it, you come up with an analogy and you're halfway through it and you realize perhaps you shouldn't be talking about that, but, oh, well. I don't think it had any bearing on the outcome of the judge's decision. For those reasons, we ask that this court affirm. Thank you. Thank you. And, Mr. Fisher, any rebuttal? Yes, Mr. Stewart. Thank you, Roberts. I think the court counsel says that the defendant is advocating for no minimum sentence for a lethal offender, and I think the sentencing range here should have been 20 to life, again, with the judge having the discretion not to impose the gun enhancement but having the discretion to impose that enhancement if he thought it was appropriate, given DeAndre's background, prospects for rehabilitation, et cetera, et cetera. So he's certainly not asking for a get-out-of-jail-free card or asking for a free pass or anything like that. Even the minimum requirement is to do day for day, 20 years, et cetera, et cetera. But the defendant's not just asking for, you know, no-holds-barred type of situation. Counsel said, well, he didn't think the judge would have imposed any sentence differently than the 80 years based on the defendant's background, even if he had specifically considered these factors mentioned in the case law. We all know that different judges look at different cases and different circumstances differently. That's why there's a range. I mean, the range is supposed to account for the differences in the offense and the differences in the defendant's background. Nonetheless, you could have those same exact facts presented to different judges with different sentencing outcomes. And to sort of say that Judge Lyons would have necessarily imposed 80 regardless here, I think that's too much of an assumption. And if your honors agree with the defendant that this record doesn't show that the judge considered these factors and that, as the Supreme Court says, he must consider these factors, then I think the case should be remanded, give the judge discretion, and then let him tell us. Does he think 80 is appropriate? Does he not think 80 is appropriate? The final point I would mention is that from the facts of this case, I think the facts to a great degree show that this offense was committed rashly, recklessly, impetuously. It was a situation where the victim had been involved in a fight in a club with a couple of the defendant's friends. They served alcohol in the club, so the defendant couldn't get in. He was 17. He waited outside. The defendant's friends were actually kicked out of the bar, not the victim. But when the victim came out, he pursued the defendant's friends, challenged them to a fight, and then shots were fired, apparently, by the defendant. Again, I'm not saying it's an excuse. It doesn't justify anything whatsoever. It's a senseless murder, as unfortunately most murders are. But I think if you look at the circumstances surrounding the case, this isn't a case where we can say with 100 percent certainty that the judge would have imposed 80 had he actually considered these factors, which the courts have directed judges to consider, and that's why you respectfully seek sentencing relief today from your honors. Thank you. Thank you both for your argument today. We will take this matter under advisement. We beg your pardon. We'll see you in there shortly. And we will now adjourn this court call.